IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dale Epps, # 227893, a/k/a Dale S. Epps, | C/A No.: 1:13-873-RMG-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Michael McCall, | |
| Respondent. | |

    Petitioner Dale Epps, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.    Standard of Review

    Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

II. Discussion

The instant petition is the second habeas action filed by Petitioner in this court challenging the same convictions.[1] *See Epps v. Cartledge*, C/A No. 1:09-2007-RMG-SVH ("*Epps I*"). A review of Petitioner's prior case reveals that he was indicted in Greenville County in July 2006 for Burglary First Degree, Kidnapping, and Assault and Battery of a High and Aggravated Nature (ABHAN). *See Epps I* at Entry #30. On January 8–9, 2007, a jury tried and convicted Petitioner on all three indictments. *Id*. On

---

[1] It is appropriate for this court to take judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

January 9, 2007, the trial judge sentenced Petitioner to life without parole on both the Kidnapping conviction and the Burglary First Degree conviction, and to ten years confinement on the ABHAN conviction. *Id*. Petitioner did not file a timely direct appeal, but filed a petition for a late appeal dated April 10, 2007, which was denied as untimely by the South Carolina Supreme Court in an order filed on April 27, 2007. *Id*. The Remittitur issued on May 15, 2007. *Id*.

On May 11, 2007, Petitioner filed a *pro se* application for post-conviction relief (PCR), alleging claims of ineffective assistance of trial and appellate counsel and violations of his due process rights. *Id*. The PCR court filed an order on December 27, 2007, denying Petitioner's PCR application, but granting a belated direct appeal. In his PCR appeal by way of a petition for writ of certiorari, he argued: (1) that the record supported the PCR judge's decision to grant a belated appeal, and (2) counsel had failed to provide effective assistance of counsel. *Id*. In addition, Petitioner also filed a *pro se* petition for a writ of habeas corpus in the South Carolina Supreme Court.  In a memorandum opinion filed on June 15, 2009, the South Carolina Supreme Court denied the petition for writ of certiorari as to issue 2 of the petition, but granted certiorari on issue 1. *Id*. After a review of the direct appeal issue, the Supreme Court dismissed the appeal, denied the petition for a writ of habeas corpus, and issued the remittitur on July 6, 2009. *Id*.

Petitioner filed *Epps I* in this court in July 2009.  This court considered the petition on the merits and granted respondent's motion for summary judgment. *Epps I* at #39. The

3

Fourth Circuit Court of Appeals dismissed Petitioner's appeal and denied a certificate of appealability. *Epps I* at #49. The instant petition seeks a writ of habeas corpus on the same convictions.

Under the AEDPA, an individual may not file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, or a motion to vacate sentence under 28 U.S.C. § 2255, without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Specifically, 28 U.S.C. § 2244(b)(3)(A) requires a prospective applicant to file with the court of appeals a motion for leave to file a second or successive habeas application in the district court. 28 U.S.C. § 2244(b)(3)(A). A three-judge panel has thirty days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)]." 28 U.S.C. §§ 2244(b)(3)(B)–(D). In order for this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F.3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F.3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the Fourth Circuit. Because there is no showing that Petitioner obtained authorization from the Fourth Circuit to file this successive habeas petition in the district court, this court does not have jurisdiction to consider it.

III.     Conclusion and Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without issuance and service of process upon Respondent.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

April 24, 2013                                                              Shiva V. Hodges
Columbia, South Carolina                                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).