# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

|  |  |  |
|---|---|---|
| Dale Epps, #227893, a/k/a Dale S. Epps, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:13-cv-873-RMG |
| vs. | ) | |
| Michael McCall, | ) | **ORDER** |
| Respondent. | ) | |

Petitioner Dale Epps, a prisoner at Lee Correctional Institution in Bishopville, South Carolina, brings this matter *pro se* pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). He challenges his conviction and sentence. (*Id.*). For the reasons set forth below, the Court DISMISSES this petition without prejudice and without issuance and service of process.

## Background

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge. The Magistrate Judge conducted an initial review of this petition and, on April 24, 2013, issued a Report and Recommendation ("R&R") recommending that this petition be dismissed without prejudice. (Dkt. No. 7). The Magistrate Judge reached this conclusion after determining this petition to be successive,[1] and then observing that Petitioner has not obtained a Pre-Filing Authorization from the Court of Appeals for the Fourth Circuit, as 28 U.S.C. § 2244(b)(3) requires for the filing of successive petitions. (*Id.* at 4).

---

[1] Specifically, the Magistrate Judge took judicial notice of *Epps v. Cartledge*, No. 1:09-cv-2007-RMG.

Petitioner timely filed objections to the R&R, raising two arguments. (Dkt. No. 13). First, Petitioner argues that this petition is not "successive" because it raises only issues that, in the disposition of his earlier habeas petition, were "deemed procedurally barred," such that they were never addressed on the "merits." (*Id.* at 2–3). Second, Petitioner argues that the sentencing court's use of his "prior convictions to trigger" South Carolina Code section 17-25-45, which mandated he receive a life sentence, was improper "because all of [his] charges were adjudicated on the same day." (*Id.* at 4–5).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status and, accordingly, liberally construes his pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

## Discussion

The Magistrate Judge correctly concluded that this petition is successive. Petitioner is correct that, in addressing his original section 2254 petition, this Court rejected some issues on the "merits" and others as "procedurally-barred." *See Epps v. Cartledge*, No. 1:09-cv-2007-RMG-SVH, 2010 WL 4514385, at *6–*12 (D.S.C. July 30, 2010), *report and recommendation adopted by* 2010 WL 4320331 (D.S.C. Nov. 2, 2010), *aff'd* 433 F. App'x 156 (4th Cir. 2011). For the Court's purposes

here, however, that proves to be a distinction without a difference. To be considered "successive," the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits. *See In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006). Notably, though, "[d]ismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive." *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002) *abrogated on other grounds by Skinner v. Switzer*, __ U.S. __, 131 S. Ct. 1289 (2011). Petitioner's original section 2254 petition was thus adjudicated on the merits, making this petition which attacks the same conviction successive for purposes of 28 U.S.C. § 2244(b).

Further, Petitioner does not provide a basis for this Court to consider his successive habeas petition. His reliance on a fairly recent Supreme Court case, *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012), is misplaced because *Martinez* "is an equitable ruling which did not establish a new rule of constitutional law." *See Wigfall v. McCall*, No. 0:12-cv-2090-RMG, 2012 WL 4981382, at *2 (D.S.C. Oct. 17, 2012) (citation omitted). Also, his claim of ineffective assistance on the part of his post-conviction relief counsel "is not a ground for relief in a proceeding arising under section 2254." *Id.* Last, his objection that South Carolina Code section 17-25-45 was wrongly applied at his sentencing does nothing to confer jurisdiction upon this Court. Accordingly, this petition should be dismissed without prejudice due to Petitioner's failure to obtain a Pre-Filing Authorization from the Court of Appeals for the Fourth Circuit before filing this successive habeas petition. *See* 28 U.S.C. § 2244(b)(3).

**Conclusion**

For these reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation

and DISMISSES Petitioner Dale Epps' section 2254 petition without prejudice and without issuance and service of process upon Respondent Michael McCall.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
June 13, 2013